## ADVISORY OPINION TO GOVERNOR

10 So. (2nd) 926                                   June Term, 1942
December 21, 1942                                        En Banc

STATE OF FLORIDA
EXECUTIVE DEPARTMENT
TALLAHASSEE

Spessard L. Holland                    December 11, 1942
   Governor

Ralph Davis
   Executive Secretary

To the Honorable the Chief Justice
and Justices of the Supreme Court
of the State of Florida

GENTLEMEN:

I am in receipt of the following communication from the Honorable John L. Moore, Judge of the Criminal Court of Record of Palm Beach County, Florida:

"There are pending in the Criminal Court of Record of Palm Beach County, Florida, four cases, namely: State v. C. O. (Pete) Pierce and Benjamin F. Haley, charged with wrongful combination against workmen—case number 6940; State of Florida v. C. O. Pierce, Assault with Intent to Commit Murder; case no. 6920; State of Florida v. Benjamin F. Haley and Jack Holt, Assault & Battery case no. 6866, and State of Florida v. C. O. (Pete) Pierce, Possessing a Pistol without a License, no. 6863. In all of which cases the County Solicitor, W. E. Roebuck, has filed his written motion for an order of disqualification, which motion in each case has been granted by the Court.

"Section 32.17 Florida Statutes, 1941, gives the judge of the Criminal Court of Record 'full authority to appoint a County Solicitor from among the members of the bar with the consent of such member so appointed'—

"The same numbered section of the statute fixes the compensation of such appointee as the same as received by the regular County Solicitor and to be paid by the County Solicitor.

"I have consulted several members of the bar that I felt were competent to prosecute these cases, with a view to appointing them with their consent as provided in the above

named statute. These cases have received so much publicity and the compensation so small that the attorneys I have consulted do not wish to become involved therein. I feel that all will have the same answer in view of the work that they will entail.

"I, therefore, request that you assign some County Solicitor from another Criminal Court of Record to represent the State in the above named causes, or that you may take any other steps that you may deem advisable to the end that the State may be properly represented."

There appear to be no provisions of law specifically authorizing the assignment of a County Solicitor, the name usually ascribed to the prosecuting officer of Criminal Courts of Record, to a Criminal Court of Record in other counties in cases where the resident County Solicitor is disqualified, as may be done in the case of the disqualification of a State Attorney.

Availing myself of the privilege conferred by Section 13 of Article IV of the Constitution, I have the honor to request your written opinion as to whether or not, under the circumstances set forth in the foregoing letter from Judge Moore, presenting, as I am satisfied it does, a situation in which the State of Florida will be without official representation in the disposition of said cases for lack of some person qualified to act as such representative, I have the power and authority, under Section 6 of Article IV, or any other provision of the Constitution, to assign the County Solicitor of some other Criminal Court of Record in this State or some State Attorney, to represent the State of Florida in the disposition of said cases.

Respectfully submitted,
/s/ Spessard L. Holland
SPESSARD L. HOLLAND
Governor

## SUPREME COURT OF FLORIDA
Armstead Brown, Chief Justice
TALLAHASSEE
December 17, 1942

| Division A—Justices | Division B—Justices |
|---|---|
| James B. Whitfield | Glenn Terrell |
| Rivers Buford | Roy H. Chapman |
| Alto Adams | Elwyn Thomas |
| Guyte P. McCord, Clerk | R. S. Williams, Marshal |

Honorable Spessard L. Holland
Governor of Florida
Tallahassee, Florida

Dear Sir:

Your request under Section 13, Article IV of the Constitution, is in effect for an opinion as to whether or not, under the circumtsances stated, you have the executive power and authority, under Section 6 of Article IV or any other provision of the Constitution, to assign the county solicitor of some other criminal court of record in this State or some state attorney, to represent the State of Florida in the prosecution of the cases mentioned. Since, as indicated in your letter, the circumstances present a situation in which the State of Florida will be without official representation in the disposition of stated criminal cases for lack of some person qualified to act as such representative, unless executive action is authorized by law, it is our opinion that under the provisions of Section 6, Article IV of the Florida Constitution that "the Governor shall take care that the Laws be faithfully executed," you have the power to assign the county solicitor of the criminal court of record of any other county to discharge the duties of the County Solicitor of the Criminal Court of Record for Palm Beach County, by analogy to the provisions of Section 27.14 of the Florida Statutes 1941 relating to the assignment of state attorneys of the circuit court.

/s/ ARMSTEAD BROWN    /s/ RIVERS BUFORD
Chief Justice    /s/ R. H. CHAPMAN
/s/ J. B. WHITFIELD    /s/ ALTO ADAMS
/s/ GLENN TERRELL

Justices of the Supreme Court.